UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID L. DICE, JR.,

      Petitioner,

v.                                                        Case No. 3:17-cv-1085-J-34JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.

_____

## ORDER

### I. Status

Petitioner David Dice, an inmate of the Florida penal system, initiated this action on September 21, 2017,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, Dice challenges a 2006 state court (Duval County, Florida) judgment of conviction for sexual battery and impregnating a minor. Dice raises twelve grounds for relief. See Petition at 7-39.[2] Respondents submitted an answer in opposition to the Petition. See Motion to Dismiss Petition for Writ of Habeas Corpus (Response; Doc. 26) with exhibits (Resp. Ex.). Dice filed a brief in reply. See Motion in

---

        [1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
        [2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

Opposition and/or Objection to the Respondents Motion to Dismiss Petitioner's Habeas Corpus Petition (Reply; Doc. 34). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that this action is untimely. Response at 2-15. In his Reply, Dice counters that the Petition is timely, but, even if it is not, he is entitled to equitable tolling because the state circuit court was deceitful, prison law clerks misadvised him, and prison officials harassed him and confiscated his property. Reply at 10-15. He further asserts that because the state circuit court lacked subject matter jurisdiction over him, this Court can at any time review this lack of jurisdiction. Id. at 16. Additionally, throughout his Reply, Dice relies heavily on his supposed status as a "sovereign citizen" as a means to overcome the statute of limitations. See generally Reply. The following procedural history is relevant to the one-year limitations issue.

The State of Florida (State) charged Dice with sexual battery (count one), lewd or lascivious battery (count two), child abuse - impregnating a child under sixteen (count three), and tampering with a witness, victim, or informant (count four). Resp. Ex. A at 28-29. At the conclusion of a trial on the first three counts, the jury found Dice guilty as charged as to counts one through three. Resp. Ex. C at 428-30. The State ultimately moved to dismiss counts two and three without prejudice, which the circuit court granted, and the State entered a nolle prosequi as to count four. Id. at 461, 523. On February 8, 2007, the circuit court adjudicated Dice to be a habitual violent felony offender (HVFO), imposed a ten-year minimum mandatory sentence pursuant to the HVFO statute, and sentenced Dice to a term of incarceration of thirty years in prison. Id. at 455-60. Dice appealed to Florida's First District Court of Appeal (First DCA), Id. at 463, which per curiam affirmed his judgment and sentence on April 3, 2008. Resp. Ex. H. The First DCA issued the Mandate on June 30, 2008. Id.

As Dice's conviction and sentence became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Dice's judgment and sentence became final when the time for filing a petition for certiorari in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). Therefore, Dice's judgment became final ninety days after April 3, 2008, which would be July 2, 2008. See Chavers v. Sec., Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006). Accordingly, Dice had until July 2, 2009, to file a federal habeas petition. See King v. Warden, 665 F. App'x 785, 786 (11th Cir. 2016) (quoting McCloud v. Hooks, 560 F.3d 1223, 1229 (11th Cir. 2009)) ("Put another way, a petitioner's limitations period under AEDPA ends 'one year from the day after' the criminal judgment became final."). Dice did not file the instant Petition until September 21, 2017. Thus, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

The record reflects that Dice filed a pro se petition for writ of habeas corpus alleging ineffective assistance of appellant counsel with the First DCA on April 10, 2009. Resp. Ex. I. This filing tolled the statute of limitations after it had run for 281 days. On April 29, 2009, the First DCA per curiam denied the petition on the merits. Resp. Ex. J. Dice moved for rehearing, which the First DCA denied on June 24, 2009. Resp. Ex. K. Dice's one-year statute of limitations began to run again on June 24, 2009, and continued running for sixty-three more days until Dice filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 Motion) on August 27, 2009. Resp.

4

Ex. L. By this time, 344 days of Dice's limitations period had run. The record reflects that on April 10, 2017, Dice voluntarily withdrew this Rule 3.850 Motion. Resp. Ex. M.

On May 30, 2017, Dice filed a petition for a belated appeal of the dismissal of his Rule 3.850 Motion. Resp. Ex. N. However, he filed this petition in the circuit court, not the First DCA, in contravention to the Florida Rules of Appellate Procedure. See Fla. R. App. P. 9.141(c)(3) ("Petitions seeking belated review shall be filed in the court to which the appeal or discretionary review should have been taken.") (emphasis added). As such, Dice did not file a proper petition for belated appeal under Florida law. Moreover, because Dice voluntarily withdrew his Rule 3.850 Motion, there would have been no final order to warrant an appeal. See generally Fla. R. App. P. 9.141. In any event, a petition for belated appeal "does not qualify as an application for collateral review." Danny v. Sec'y, Fla. Dep't of Corr., 811 F.3d 1301, 1304 (11th Cir. 2016). Simply, "filing a petition for belated appeal of an order denying state collateral relief does not toll the federal limitation period for a petition for a writ of habeas corpus." Id. at 1305 (quoting Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1141 (11th Cir. 2015)). Accordingly, Dice's petition for belated appeal did not toll the statute of limitations.

On April 11, 2017, Dice filed a petition to enforce order to release the subject matter with the First DCA, which the First DCA construed as a petition for writ of habeas corpus. Resp. Exs. P; Q. On May 31, 2017, the First DCA dismissed the petition. Resp. Ex. R. During the pendency of this proceeding, on April 17, 2017, Dice also filed with the First DCA a petition for writ of habeas corpus. Resp. Ex. S. On June 1, 2017, Dice filed a motion to dismiss his petition without prejudice and a request to re-open his Rule 3.850 Motion. Resp. Ex. W. On June 23, 2017, the First DCA treated the motion to dismiss as

a notice of voluntary dismissal and dismissed Dice's petition while denying all other relief he requested. Resp. Ex. Y. Accordingly, the one-year statute of limitations began to run again on June 23, 2017, and expired on July 14, 2017. Dice did not file another motion until July 25, 2017, when he moved to re-instate his Rule 3.850 Motion, Resp. Ex. O, which the circuit court denied on April 11, 2018. Resp. Ex. Z. However, not only was this motion to re-instate filed outside the one-year statute of limitations and ultimately denied, but it also would not have tolled the statute of limitations. This is so because a review of the motion to re-instate would not have reached the merits of the underlying claims in the Rule 3.850 Motion, and instead would be a review of whether or not Dice voluntarily dismissed his Rule 3.850 Motion. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review <u>with respect to the pertinent judgment or claim</u> is pending shall not be counted toward any period of limitation under this subsection.") (emphasis added). Having determined that Dice's judgment and sentence became final on July 14, 2017, his Petition filed on September 21, 2017, is due to be dismissed as untimely. Nevertheless, Dice contends the late filing of his Petition should be ignored for several reasons, which the Court will now examine below.

**<u>Equitable Tolling</u>**

A petitioner establishes equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)). "'[A] garden variety claim of excusable neglect' . . . does not warrant equitable tolling." <u>Id.</u> at 651-52 (citations omitted). Notably,

a "petitioner has the burden of proof to show that equitable tolling is required in any particular case." Bell v. Florida Atty. Gen., 461 F. App'x 843, 845 (11th Cir. 2012) (citing San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011)).

Dice maintains that the circuit court misled him into voluntarily dismissing his Rule 3.850 Motion because it informed him that he could seek to have the issue of the circuit court's subject matter jurisdiction addressed by a higher court, which led him to withdraw the Rule 3.850 Motion. Reply at 5-15. The record reflects that on April 10, 2017, the circuit court scheduled an evidentiary hearing on Dice's Rule 3.850 Motion. Resp. Ex. M. At the hearing, Dice told the circuit court that he was no longer challenging his conviction but, instead, wanted to challenge the circuit court's subject matter jurisdiction. Id. at 3-4. Dice also requested that he be permitted to represent himself, which the circuit court granted. Id. at 5-11. During the circuit court's colloquy with Dice, Dice stated he was a "sovereign citizen" and, as such, the circuit court did not have subject matter jurisdiction over him and he would soon be filing a motion on that issue, to which the circuit court replied:

> Well, okay. You can submit a motion obviously and I'll look at it. Or you can submit it to a higher court and if they tell me I don't have jurisdiction then I will certainly listen to them on that.

Id. at 8. After allowing Dice to proceed pro se, the circuit court sought to set a hearing date on Dice's Rule 3.850 Motion, but Dice did not want to proceed because he was "fixing to file to a higher court." Id. at 11-12. Thereafter, the circuit court announced on the record, in front of Dice, that based on his request, the Rule 3.850 Motion was withdrawn and the matter concluded. Id. at 12.

The circuit court's language, block quoted above, is what Dice now bases his claim that the circuit court deceived him into dismissing his Rule 3.850 Motion. However, having

7

reviewed the transcript from the hearing, the Court finds that the circuit court did nothing to deceive Dice. Prior to the circuit court making this statement, Dice had already shown his intention to forego the Rule 3.850 Motion proceedings because he specifically stated he no longer sought to challenge his conviction, but wanted to attack the circuit court's subject matter jurisdiction. The circuit court's statement that Dice could submit a motion to it or to a higher court was not legal advice or an instruction, rather it was the circuit court's legally correct response to Dice's comment that he would soon be filing a motion on the subject matter jurisdiction issue. When read in context, the statement cannot reasonably be construed as a false or misleading statement intended to deceive Dice into withdrawing his Rule 3.850 Motion. The record makes clear that Dice no longer wanted to proceed under his Rule 3.850 Motion before the circuit court made this statement and, therefore, the Court finds this does not constitute the type of extraordinary circumstance that would entitle Dice to equitable tolling.

Next, as to Dice's claim that he is entitled to equitable tolling because he is pro se and must rely on prison law clerks, this claim fails as a matter of law. See Whiddon v. Dugger, 894 F.2d 1266, 1267 (11th Cir. 1990) (holding a petitioner's pro se status and poor advice by inmate law clerks did not establish cause for purposes of overcoming procedural default). Likewise, Dice's assertions concerning his confinement in close-management does not entitle him to equitable tolling as a matter of law. See Miller v. Florida, 307 F. App'x 366, 368 (11th Cir. 2009) (holding petitioner's close-management status did not qualify as the type of circumstance that warrant equitable tolling, particularly because the confinement status was a result of petitioner's own violent acts towards prison officials). Dice admits in his Reply that upon being transferred to Florida State

Prison he refused to give his consent or comply with the identification procedures. Reply at 9. Dice alleges that prison officials became hostile towards him after this and threatened some type of unnamed future retaliation. Id. The only concrete assertion Dice presents related to prison officials is their purported withholding of his property from April of 2017 until May of 2017. However, Dice's one-year statute of limitations remained open through July of 2017; therefore, the Court finds his lack of access to his property for a one-month period before the statute of limitations expired does not constitute an extraordinary circumstance that would warrant equitable tolling. Moreover, to the extent Dice is alleging prison officials harassed him and frustrated his ability to timely file, the Court finds Dice has failed to meet his burden because his conclusory allegations are insufficient to establish equitable tolling. Outside of the one-month period in which he allegedly did not have his property, Dice has provided no specific factual allegations in support of this argument. Accordingly, Dice has failed to establish equitable tolling on the basis of prison official misconduct. See Bell, 461 F. App'x at 845. In light of the above analysis, equitable tolling is not warranted in this case.

## Lack of Subject Matter Jurisdiction

Dice alleges that he can bring claims that the trial court lacked subject matter jurisdiction at any time. Reply at 15-17. However, he relies solely on Florida state law and offers no federal case law to support the contention, see id., and the Court independently has identified no federal case law or statutory authority supporting the proposition. See Davis v. Sec'y, Dep't of Corr., 2009 WL 4730548, *1 (M.D. Fla. Dec. 7, 2009) ("There is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject matter jurisdiction to impose the sentence for the conviction because the

indictment was defective."). As such, Dice's claim that the state circuit court lacked subject matter jurisdiction does not entitle him to have the Court address the merits of his untimely Petition.

## **Sovereign Citizen Arguments**

Dice's supposed status as a "sovereign citizen" does not excuse his failure to timely file his Petition. The Eleventh Circuit has consistently held that sovereign citizen legal theories are wholly frivolous. See United States v. Davis, 586 F. App'x 534, 536 (11th Cir. 2014) (citing United States v. Sterling, 738 F.3d 228, 233 n. 1 (11th Cir. 2013)). As such, Dice's arguments based on sovereign citizen legal theories does not relieve him of his burden of complying with § 2244.

## **Conclusion**

Dice did not file his Petition within the one-year statute of limitations. He has failed to meet his burden of establishing an entitlement to equitable tolling, and his remaining legal theories are frivolous and unavailing. Accordingly, Dice's Petition is due to be dismissed with prejudice as untimely.

## **III. Certificate of Appealability**

## **Pursuant to 28 U.S.C. § 2253(c)(1)**

If Dice seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Dice "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004)

(quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DISMISSED WITH PREJUDICE**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing the Petition and dismissing this case with prejudice.

3. If Dice appeals the dismissal of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of April, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: David Dice #J04485
Counsel of record